IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALBERTO MARTINEZ, and EMILIO ZAMORA, <br>   *Plaintiffs*, <br><br> v. <br><br> UNIVERSITY OF TEXAS AT AUSTIN, and JAY HARTZELL, In his official and individual capacity, <br>   *Defendants*. | § § § § § § § § § § § <br><br> No. 1:23-cv-01574 |

### DEFENDANTS' NOTICE OF APPEAL

  Pursuant to Rules 3(a)(1) and 4(a)(1)(A) of the Federal Rules of Appellate Procedure, Defendants the University of Texas at Austin and Jay Hartzell ("Defendants") file this Notice of Appeal to the United States Court of Appeals for the Fifth Circuit from the Order entered on January 13, 2025.[1] This Order granted in part and denied in part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. Specifically, Defendants appeal the district court's decisions that: (1) qualified immunity does not protect Defendant Hartzell from Plaintiffs' § 1981 claims; (2) Plaintiffs pled plausible § 1981 claims; and (3) Plaintiffs pled plausible Title VII disparate treatment claims.

  The Fifth Circuit has "jurisdiction to review by interlocutory appeal the denial of a motion to dismiss based on qualified immunity."[2] This jurisdiction extends to whether the plaintiff adequately alleged a constitutional violation.[3] The Fifth Circuit also has pendent jurisdiction when "the claims

---

[1] ECF 33.
[2] *McNeal v. LeBlanc*, 90 F.4th 425, 430 (5th Cir. 2024).
[3] *Anderson v. Valdez*, 845 F.3d 580, 588 (5th Cir. 2016); *see also Escobar v. Montee*, 895 F.3d 387, 392 (5th Cir. 2018).

involve precisely the same facts and elements."[4] Here, Plaintiffs' § 1981 and Title VII disparate treatment claims contain the same elements and turn on the same facts.[5] Thus, the Fifth Circuit also has jurisdiction over the district court's decision on Plaintiffs' Title VII disparate treatment claims.[6]

This notice of appeal is timely as the district court granted Defendants' request to extend the notice of appeal deadline to March 14, 2025.[7] The filing of this notice of appeal is of jurisdictional significance and serves to stay the proceedings in this Court.[8]

Dated: March 6, 2025

Respectfully submitted,

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

BRENT WEBSTER
FIRST ASSISTANT ATTORNEY GENERAL

RALPH MOLINA
DEPUTY FIRST ASSISTANT ATTORNEY GENERAL

AUSTIN KINGHORN
DEPUTY ATTORNEY GENERAL FOR CIVIL LITIGATION

KIMBERLY GDULA
CHIEF, GENERAL LITIGATION DIVISION

/s/ Todd Dickerson
TODD DICKERSON
Attorney-in-Charge
Texas Bar No. 24118368
Assistant Attorneys General
Office of the Attorney General

---

[4] *Escobar*, 895 F.3d at 392–93.
[5] *See Pratt v. City of Houston, Tex.*, 247 F.3d 601, 606 n.1 (5th Cir. 2001); *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999); *see also* ECF 12.
[6] *See, e.g.*, *Demoret v. Zegarelli*, 451 F.3d 140, 153-54 (2d Cir. 2006) (asserting pendent jurisdiction when the plaintiff asserted Title VII and Section 1983 disparate treatment claims); *Burton v. Arkansas Sec'y of State*, 737 F.3d 1219, 1237–38 (8th Cir. 2013) (same).
[7] Jan. 23, 2025 Text Order; *see also* Fed. R. App. P. 4(a)(5).
[8] *See Carty v. Rodriguez*, 211 Fed. Appx. 292, 293 (5th Cir. 2006) ("A district court's denial of a defense of qualified immunity is immediately appealable, and once an appeal is filed, the district court is divested of its jurisdiction to proceed against that defendant.").

P.O. Box 12548, Capitol Station  
Austin, Texas 78711-2548  
(512) 463-2120  
(512) 320-0667 Fax  
Todd.Dickerson@oag.texas.gov  
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a copy of the document above was served on all counsel of record who have entered an appearance on March 6, 2025, using the Federal Court CM/ECF system.

*/s/ Todd Dickerson*